VERMONT MOBILE HOME OWN-ERS' ASSOCIATION, INC., Louise Beaudoin, Ronald D. Blow, Martha Bohannon, Charlton Brobyn, Francis Butler, Paula Dashno, Nancy Devarney, Walter Erno, Margaret Erno, John Hutman, Ruth Hutman, Rick Kelley, Brenda Kelley, Stanley Kubas, Roger Ladieu, Connie Ladieu, Deborah Lawrence, Cleon J. Ledoux, Patricia Ledoux, Emile Limoge, Jr., Kevin Machia, Melissa Machia, Judy Matot, Mike McGovern, Melanie McGovern, Maurice Meunier, Armande Meunier, George Muehl, Sherry Muehl, Kevin Nolan, Howard Parish, Joan Parish, Tamara Richard, Scott Richard, Donald Ritchie, Kelley Ritchie, Roseline

Rushlow, Arthur Rushlow, Scott Stevens, Annette Stevens, Kevin Young, Pamela Young, Kerry Newton, Raymond Limoges, Lucille Limoges, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Nicole LaPIERRE, Andre LaPierre, LaPierre Enterprises, Inc., Roy's Housing, Inc., Brault's Mobile Home, Inc., Champlain Chevrolet, Inc., and Latham Trailer Sales, Inc., Defendants.

No. 2:97–CV–209.

United States District Court, D. Vermont.

Nov. 12, 1997.

Stephen S. Norman, Vermont Legal Aid, Inc., Burlington, VT, Peter Francis Welch, Welch, Graham & Manby, White River Jct, VT, John Davis Shullenberger, Jericho, VT, for plaintiffs.

Mark A. Schneider, Plattsburgh, NY, for Mark Mercure, intervenor-plaintiff.

Edwin L. Hobson, Jr., Burlington, VT, for Nicole Lapierre, Andre Lapierre, Lapierre Enterprises, Inc., defendants.

Joseph Patrick Bauer, Bauer, Anderson & Gravel, Burlington, VT, for Brault's Mobile Home, Inc., defendant.

Arthur P. Anderson, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, David M. Sunshine, Saxer, Anderson, Wolinsky & Sunshine, Richmond, VT, for Latham Trailer Sales, Inc., intervenor-defendant.

Robert B. Hemley, Gravel and Shea, Burlington, VT, for Peoples Trust Company of St. Albans, intervenor-defendant.

Robert B. Hemley, Gravel and Shea, Burlington, VT, for Peoples Trust Company of St. Albans, defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

The Vermont Mobile Home Owners' Association, Inc. ("VMHOA") and twenty-nine individual and married couple mobile homeowner plaintiffs allege that Defendants Nicole and Andre Lapierre and Lapierre Enterprises, Inc. ("Lapierre") required each plaintiff individual or couple to purchase a mobile home from Lapierre or from a dealer approved by Lapierre, in order to lease a lot at Town & Country Estates in St. Albans, Vermont. Plaintiffs assert that this arrangement violated the Sherman Antitrust Act, 15 U.S.C. § 1–7 (1997), the Vermont Consumer Fraud Act, Vt.Stat.Ann. tit. 9, § 2453 (1993), and the Vermont Mobile Home Park Act, Vt.Stat. Ann. tit. 10, § 6238(a) (1997).

Defendant Roy's Housing, Inc. ("RHI") has moved for summary judgment and to dismiss all claims against it for lack of subject matter jurisdiction, contending that the antitrust claim against it is barred by the statute of limitations, and that this Court should decline to exercise supplemental jurisdiction over the remaining pendent state claims. The Court will grant RHI's motion for summary judgment, and deny RHI's motion to dismiss.

The following facts are undisputed. RHI, a Vermont corporation with offices in Highgate Center, Vermont, sells mobile homes. Plaintiff Louise Beaudoin purchased a mobile home from RHI on or about July 23, 1992. Beaudoin is the only plaintiff in this suit who bought a mobile home from RHI. This lawsuit was filed on July 1, 1997. The Sherman Antitrust Act contains a four year statute of limitations. 15 U.S.C. § 15b (1997). Plaintiffs concede that Beaudoin's antitrust claim is barred by the statute of limitations. Accordingly, RHI's Motion for Summary Judgment (paper 26) is granted.

The remaining claims against RHI assert violations of state statutes. A district court has supplemental jurisdiction over state claims that are so related to claims over which the court had original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a) (1993). The justification for exercising supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Section 1367(c)(3) of Title 28 of the United States Code grants district courts discretion to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (1993). The United States Supreme Court

has advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers,* 383 U.S. at 726, 86 S.Ct. 1130. However, the matter is committed to the exercise of the district court's discretion. 28 U.S.C. § 1367(c).

■ Where a federal claim is dismissed as to a single defendant on statute of limitation grounds, a district court may retain subject matter jurisdiction over state law claims pertaining to that defendant if the state law claims are sufficiently related to federal claims against the remaining defendants. *See e.g., Congregacion de la Mision Provincia de Venezuela v. Curi,* 978 F.Supp. 435, 451 (E.D.N.Y. 1997); *Losquadro v. FGH Realty Credit Corp.,* 959 F.Supp. 152, 160 (E.D.N.Y. 1997). *See also Finz v. Schlesinger,* 957 F.2d 78, 83 (2d Cir.1992) (district court's decision to retain jurisdiction over pendent state claim after dismissal of federal claim before trial not abuse of discretion).

■ It appears from the pleadings at this point that the state law claims are part of the same case or controversy as the remaining federal claims. It would be inconvenient and inefficient to require parallel consumer fraud actions in state court. The Court finds that the claims do not raise novel or complex issues of state law, nor does the case present exceptional circumstances which would justify declining jurisdiction under 28 U.S.C. § 1367(c)(1) or (4). Accordingly, in the interests of judicial economy and efficiency, the Court will retain supplemental jurisdiction over state law claims against RHI. RHI's Motion to Dismiss for Lack of Jurisdiction (paper 24) is denied.